UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:15-CR-070 JD |
| | ) | |
| JAMAR CRAWFORD (01) | ) | |

## OPINION AND ORDER

Now before the Court is a motion by Jamar Crawford to dismiss Count 2 of the Indictment against him. Mr. Crawford was charged on September 9, 2015 in a two-count indictment. Count 1 charged Mr. Crawford and his co-defendant with robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951. Count 2 charged them with using and carrying a firearm during and in relation to a crime of violence—namely, the Hobbs Act robbery—in violation of 18 U.S.C. § 924(c). In his motion to dismiss, Mr. Crawford argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Hobbs Act robbery no longer qualifies as a crime of violence upon which a § 924(c) charge can be based. Accordingly, Mr. Crawford maintains that Count 2 fails to state an offense and must be dismissed under Federal Rule of Criminal Procedure 12(b)(3)(B)(v). The Court disagrees.

Section 924(c) states that "any person who, during and in relation to any crime of violence . . . , uses or carries a firearm . . . , shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A). Section 924(c) further defines the term "crime of violence" as an offense that is a felony and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is commonly known as the "force clause," while subsection (B) is commonly known as the "residual clause."

In *Johnson*, the Supreme Court considered a similar definition of the term "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). The Court held that the "residual clause" of that definition was void for vagueness, in violation of the Due Process Clause. 135 S. Ct. at 2563. The Seventh Circuit then extended *Johnson's* holding to the residual clause of the definition of "crime of violence" in 18 U.S.C. § 16(b), which is identical to the residual clause of that term under § 924(c). *United States v. Vivas-Ceja*, 808 F.3d 719, 720 (7th Cir. 2016). Thus, at this point, an offense can only constitute a crime of violence under § 924(c) through the force clause, meaning that a crime of violence must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." Because this definition refers to the elements of the offense, the question is not only whether the defendant actually used (or attempted or threatened) physical force in committing an offense, but whether the elements of the particular offense as defined by statute required the defendant to have used that force in order to be found guilty. *See Descamps v. United States*, 133 S. Ct. 2276, 2283–86 (2013). Thus, if a defendant could be convicted of the particular offense (or the particular subset of the offense with which the defendant is charged and on which the jury is instructed) without having used, attempted to use, or threatened to use physical force against the person or property of another, the offense does not constitute a crime of violence—even if the defendant in fact used such force in committing it. *See Johnson v. United States*, 559 U.S. 133 (2010). Further, "physical force" means "force capable of causing physical pain or injury," as distinguished from a mere touching, for example. *Id.* at 140.

The question here is whether the Hobbs Act robbery with which Mr. Crawford is charged fits that description. Under the Hobbs Act:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951(a). "Robbery," in turn, means:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

Part of the definition of robbery expressly entails the actual or threatened use of force or violence, and thus would easily satisfy the force clause. Mr. Crawford argues, though, that other aspects of the definition of robbery can be accomplished without the requisite physical force. In particular, he notes that robbery can be committed by "putting someone in fear of a future injury to either his person or his property or the person or the property of a family member," which he contends would not satisfy the force clause. Thus, he argues that Hobbs Act robbery is not categorically a crime of violence because it can be accomplished at least in some circumstances without the use of force.

Mr. Crawford's argument stumbles out of the gates, though, because he has not been charged with committing robbery in those manners. The government has alleged that Mr. Crawford engaged in only certain aspects of the statutory definition of robbery. *See Descamps*, 133 S. Ct. at 2291 ("Courts may *modify* the categorical approach to accommodate alternative 'statutory definitions.'"). Specifically, the indictment charges Mr. Crawford with committing

robbery by "actual and threatened force, violence, and fear of immediate injury to the employee's person." [DE 14]. The jury will accordingly be instructed that in order to convict Mr. Crawford of this offense, it will have to unanimously find that he committed the robbery in that manner.[1] Thus, contrary to Mr. Crawford's suggestion, it is not possible for him to be convicted for placing someone in fear of future injury to a family member or to property. Because the government will have to prove beyond a reasonable doubt, and the jury will have to unanimously find, that Mr. Crawford committed the robbery through actual or threatened force, violence, or fear of immediate injury to an individual's person, that conduct constitutes an element of this offense. *See Descamps v. United States*, 133 S. Ct. 2276, 2285–86, 2288, 2290 (2013) (describing an element as something the government must prove beyond a reasonable doubt and that the jury must unanimously find); *Omargharib v. Holder*, 775 F.3d 192, 199 (4th Cir. 2014) ("Elements . . . are factual circumstances of the offense the jury must find 'unanimously and beyond a reasonable doubt.'"). And because that element requires the "use, attempted use, or threatened use of physical force against the person . . . of another," this particular offense is a crime of violence under § 924(c).

Even treating the definition of robbery as an indivisible whole, Mr. Crawford's argument would still fail. As just noted, Mr. Crawford particularly relies on the possibility that Hobbs Act robbery could be committed by placing an individual in fear of injury to their person or property. Mr. Crawford posits that this could be accomplished without the actual, attempted, or threatened use of force, such that it does not satisfy the force clause and Hobbs Act robbery can never

---

[1] Or the Court would have to make that finding in a change of plea hearing, should the defendant decide to plead guilty.

constitute a crime of violence.[2] Notably, Mr. Crawford does not cite, nor has the Court's own

research revealed, a single case in which a court has held that Hobbs Act robbery was not a

crime of violence.[3] Mr. Crawford argues that that is unimportant because most cases on this issue

predated *Johnson*. However, even since *Johnson* was decided in June 2015, over a dozen district

courts have considered this question, and those courts have unanimously held that Hobbs Act

robbery is a crime of violence under the force clause, even in light of the "fear of injury" prong.

*United States v. Tsarnaev*, No. 13-10200-GAO, 2016 WL 184389 (D. Mass. Jan. 15, 2016);

*United States v. Walker*, No. 3:15cr49, 2016 WL 153088 (E.D. Va. Jan. 12, 2016); *United States

v. Morgan*, No. 14-20610, 2015 WL 9463975 (E.D. Mich. Dec. 18, 2015); *Stewart v. United

States*, No. 1:11CR156-2, 2015 WL 8752241 (M.D.N.C. Dec. 14, 2015); *United States v.

McDaniels*, No. 1:15-cr-171, 2015 WL 7455539 (E.D. Va. Nov. 23, 2015); *United States v.

Anglin*, No. 14-CR-3, 2015 WL 6828070 (E.D. Wis. Nov. 6, 2015); *United States v. Brownlow*,

No. 1:15-cr-0034, 2015 WL 6452620 (N.D. Ala. Oct. 26, 2015); *United States v. Merinord*, No.

5:15-CR-136, 2015 WL 6457166 (E.D.N.C. Oct. 26, 2015); *United States v. Hunter*, No.

2:12cr124, 2015 WL 6443084 (E.D. Va. Oct. 23, 2015); *United States v. Evans*, No. 5:15-cr-57-

---

[2] To the extent Mr. Crawford also argues that Hobbs Act robbery cannot meet the force clause because it can be committed by an injury to property, not a person, that argument is mistaken. While the Armed Career Criminal Act and the career offender guideline require the use of force against the person of another, 18 U.S.C. § 924(e)(2)(B)(i); U.S.S.G. § 4B1.2(a)(1), the force clause of § 924(c) encompasses the use of force "against the person *or property* of another." 18 U.S.C. § 924(c)(3)(A) (emphasis added). Moreover, the hypotheticals in Mr. Crawford's reply brief involving injury to property would be extortion, not robbery, as illustrated by the cases he cited on that point. [DE 35 p. 4]. Likewise, Mr. Crawford's third hypothetical, which involves taking money from an individual's person without any sort of threat, is theft, not robbery.

[3] Mr. Crawford cites one recent case in which the court held that Hobbs Act *conspiracy* was not a crime of violence post-*Johnson*, but that court expressly distinguished between Hobbs Act conspiracy—which is committed by an agreement alone—and Hobbs Act robbery—which requires actual or threatened force, violence, or fear of injury. *United States v. Edmundson*, No. PWG-13-15, 2015 WL 9582736 (D. Md. Dec. 30, 2015).

H, 2015 WL 6673182 (E.D.N.C. Oct. 20, 2015); *United States v. Redmond*, No. 3:14-cr-226, 2015 WL 5999317 (W.D.N.C. Oct. 13, 2015); *United States v. Standberry*, 3:15CR102, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015); *United States v. Mackie*, No. 3:14-cr-183, 2015 WL 5732554 (W.D.N.C. Sept. 30, 2015); *United States v. Melgar-Cabrerra*, No. CR 09-2962, 2015 U.S. Dist. LEXIS 145226 (D.N.M. Aug. 24, 2015). In light of the thorough, persuasive, and unanimous discussions in those cases on this issue, the Court need not belabor the point. As succinctly stated in *Evans*, "[t]o place another person in 'fear of injury,' particularly in the context of a felony robbery statute, the offender must threaten to 'use force capable of producing that result'—and this use of force fits the definition of 'physical force'" under the force clause. *Evans*, 2015 WL 6673182, at *5 (quoting *United States v. Castleman*, 134 S. Ct. 1405, 1416–17 (2014) (Scalia, J., concurring)); *see also Merinord*, 2015 WL 6457166, at *4 ("A commonsense approach dictates that robbery by fear of injury requires, at minimum, the attempted or threatened use of force capable of causing physical pain or injury. . . . An act or threatened act that engenders fear of injury necessarily implies force capable of causing physical pain or injury.").

Therefore, the Court finds that Hobbs Act robbery, and in particular the version of Hobbs Act robbery with which Mr. Crawford is charged, constitutes a crime of violence under § 924(c). Accordingly, the indictment does not fail to state an offense for using or carrying a firearm during or in relation to a crime of violence, so Mr. Crawford's motion to dismiss [DE 32] is DENIED.

SO ORDERED.

ENTERED:  January 27, 2016

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court